⌐88   265
r187s304

---

## Augustus N. Eddy and Arthur J. Caton, Ex'rs, etc., ads. The People, for the use of, etc.

1. REMEDIES—*Election of—Not Duty of Plaintiff to Choose One Remedy to the Exclusion of Others.*—It is not the duty of a plaintiff to choose one remedy to the exclusion of another, and in this case he is not barred from his remedy against sureties of a deceased executor, because he voluntarily relinquished the right to litigate for interest on the amounts due.

. **Debt**, on executor's bond. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

WILLIAMS, HOLT & WHEELER, attorneys for appellants.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant's testator, Franklin F. Spencer, deceased, was surety for one Edwin Bean upon his bond as executor of the last will of John H. Hooper, deceased. Bean died, and administration upon his estate was granted. Thereupon, a claim against Bean's estate was presented by the Hooper estate for funds that had not been accounted for by Bean, as executor of the Hooper estate, and allowed by the Probate Court, as of the sixth class, for $5,944.57. Various other claims were presented and allowed against Bean's estate, as of the seventh class.

Shortly after the claim in favor of the Hooper estate was allowed, as above, this suit against the appellants as executors of the will of Spencer, the surety upon Bean's bond as executor, was begun upon said bond, and due service was had. In such suit the damages claimed were identical with the claim allowed by the Probate Court against the Bean estate. Owing, however, to litigation between the Bean estate and the owners of the seventh class claims, respecting the order of their priority, thus preventing a settlement and distribution of the Bean estate, this suit was not pressed, though it was for a long time at issue.

At last, after a delay of about six years from the allowance of the Hooper estate claim against the Bean estate, a distribution of the Bean estate was agreed to by all parties interested in the Probate Court, and made.

At that time the Bean estate had money enough to pay the preferred claim of the Hooper estate, and $3,850.46 in addition, to the seventh class claimants. Such additional amount was not, however, enough to pay the seventh class claims in full, and it would have been still further diminished if the accrued interest on the Hooper estate claim had been preferred, as was the principal of it. The insistance in the Probate Court by appellee in behalf of the Hooper estate was, for a time, that the interest accrued upon that claim should be preferred and paid as of the sixth class, along with the principal of it, but this position was contended against, and appellee, through his counsel, finally

receded, and consented to a distribution of the Bean estate, by which the principal, alone, of the Hooper estate claim was paid, and the remaining $3,850.46, was divided among the seventh class claims.

After such distribution of the Bean estate was made, this case was pressed, and subsequently came to trial before the Superior Court, without a jury, with the result that judgment was rendered against appellants for $1,474.20, payable in due course of administration. Such amount appears to be conceded to be the amount of interest upon the claim of $5,942.57 allowed as of the sixth class, less a dividend which would have come to appellee if he had participated in the $3,850.46 that was divided among the seventh class creditors, as he might have done. It is a fact that he did not participate, or seek to do so, in the distribution of that sum, but chose to proceed in this suit, where he, as stated, prevailed.

It is said in appellants' brief, and to make it plain we quote:

" The trial judge took the view that the interest on the sixth class constituted merely the principal of a seventh class claim, and that the Hooper estate had a right to collect from the Bean estate, as of the sixth class only, the principal of the sixth class claim. The assets of the Bean estate failing to suffice for seventh class claims, he considered the sureties on the bond liable for the deficiency in interest. The total interest amounted to about $1,600. Three thousand eight hundred and fifty dollars and forty-six cents distributed among the seventh class claimants would have paid about ten per cent, or about $160, if the Hooper estate had insisted upon participating as one of the seventh class claimants. He determined, therefore, that the amount which the Hooper estate might have realized by participating as of the seventh class, should be deducted from the total interest, and judgment for the difference only, $1,474.20, entered against the defendants, as executors of the will of Spencer."

There does not appear to be any dispute as to such being the view or theory of the trial judge.

Alleged error, however, in respect of such holding, that interest upon an allowed preferred claim in the Probate

Court is not entitled to preference equally with the principal, furnishes the chief ground of contention by the appellants upon this appeal.

We do not, however, regard it as very material to inquire whether the interest accrued upon the claim should, or not, have been paid as of the preferred or sixth class, along with the principal of the claim.

It should not be overlooked that the suit at bar was begun and service upon appellants had, long before—five or six years before—the agreement for distribution of the Bean estate was made. Such suit constituted a continuous demand upon the appellants, as sureties upon Bean's bond, for the whole claim as allowed in the Probate Court, from which demand appellants might, at any time, have relieved themselves by paying the claim, and thereby have become entitled to subrogation to all of appellee's rights against Bean's estate.

By beginning such suit, and obtaining jurisdiction over appellants by service of process, appellee apprised appellants of what was claimed against them, and the pendency of the suit constituted a continuous demand upon them for such claim. But it did not deprive appellee of the right to pursue such other remedies as were open to him against the estate of Bean. He could not have two satisfactions of his claim, but he had the right to pursue both remedies. The course he chose was to procure satisfaction out of the Bean estate to the extent of the principal of the claim that was allowed by the Probate Court, and, encountering difficulties in obtaining the interest that accrued on such claim, he turned to the appellants to recover that. His suit was from the first as much a demand for that interest as it was for the principal. Such suit was long at issue, and appellants had the same right to move it to trial as appellee had, and we see no special force in the argument of appellants, that because the suit was not pressed to judgment, and a judgment against them collected, they lost some right to collect from the Bean estate that which appellee might have collected if he had continued to litigate in the Probate Court.

It was not the duty of appellee to choose one remedy to the exclusion of the other.  It would have been easy for appellants to have put themselves in a position to litigate with the seventh class creditors over the interest question, if they had chosen to do so, but we see no reason why appellee was bound to litigate that question.

His voluntary relinquishment of a right to litigate such question can not, in any legal sense, have barred his remedy against appellants.  They may not be discharged as sureties, for his failure to exercise to its fullest limit all other remedies open to him.  Unless appellee neglected some legal duty against the estate of Bean, in respect of the questions involved, they, as sureties of Bean, may not complain, and we have already seen that appellee did not neglect any duty in such regard.  Appellants' failure to do what was necessary to entitle them to become subrogated to appellee's rights, is not a reason for adjudging appellee to be at fault.

True, he consented to a distribution of the Bean estate and thereby collected the principal, but that amounted to no more than a relinquishment of his right to litigate further in the Probate Court, and a determination to take the other course open to him, and press his suit against appellants to judgment for the interest remaining due.

If he had also agreed at that time to entirely waive his claim for interest, as the plea of appellants avers he did, quite another question would be before us.  The averment of appellants' plea in that respect is the only one of fact that appellee's replication denied.

Evidence upon such issue of fact was heard *pro* and *con*, but from a thorough consideration of such evidence we discover no occasion to disturb the finding of the Superior Court in respect thereof, which, by necessary intendment, it must have arrived at.

The action of the trial court upon the propositions of law that were submitted, was correct, and there being no substantial error in the record, the judgment of the Superior Court is affirmed.